MR. JUSTICE SHEA
concurring:
*101 I agree with the result but I do not agree with the majority analysis. As I stated in a dissent in the case of State v. Just (1979), 184 Mont. 262, 602 P.2d 957, unless a need is first established for the admission of evidence of other crimes, the trial court should proceed no further in exercising its discretion as to whether or not to admit the evidencer-lt should not be admitted. No need was first established here, and for 'that reason, I would reverse the case.
Since evidence of this kind is so inherently prejudicial, I would require that a trial court, in admitting evidence of this kind, first enter a lengthy order detailing precisely what factors it considered and its reasons for admitting the evidence. This is the only way the parties and an appellate court can ever be assured that the factors involved were carefully weighed and that the decision to admit the evidence was not lightly made.
Thus, no need having been demonstrated in the record for use of such evidence, I would reverse the conviction. My position does not require an analysis of whether or not there was compliance with the four point test as discussed by the court.